IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

RONNIE ROY BARQUIST,

      Plaintiff,

vs.                                                                    No. CIV 11-0490 JB/RHS

STATE OF NEW MEXICO,

      Defendant.

## MEMORANDUM OPINION AND ORDER ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

**THIS MATTER** comes before the Court on the Magistrate Judge's Report and Recommendation, filed May 1, 2013 (Doc. 12)("R&R"). The Honorable Robert H. Scott, United States Magistrate Judge, recommended that the Court dismiss Plaintiff Ronnie Roy Barquist's Amended Civil Rights Complaint Pursuant to 42 U.S.C. § 1983, filed July 22, 2011 (Doc. 6)("Amended Complaint"), under 42 U.S.C. § 1915(e)(2)(B)(ii), because the action fails to state a claim on which relief may be granted, and under 42 U.S.C. § 1915(e)(2)(B)(iii), because Barquist seeks monetary relief against a defendant who is immune. Additionally, Judge Scott recommended that the Court deny Barquist's Motion to Appoint Counsel, filed February 26, 2013 (Doc. 9). No party has filed objections to the Judge's R&R, and the time for filing objections has expired. Pursuant to the Tenth Circuit's firm waiver rule, the failure to object to the R&R precludes any appellate review of factual and legal questions related to the R&R. Casanova v. Ulibarri, 595 F.3d 1120, 1123 (10th Cir. 2010)(holding that, under the firm waiver rule, a party's failure to timely object to the proposed findings and recommendations of the magistrate judge "waives appellate review of both factual and legal questions" (internal quotation marks omitted)). Nonetheless, the Court has reviewed Judge Scott's R&R, and finds

that, with the exception of its sovereign immunity analysis, the R&R is not clearly erroneous, arbitrary, obviously contrary to law, or an abuse of discretion.  With the modification below, the Court adopts the R&R, and accepts Judge Scott's recommendation that the Court should dismiss Barquist's claims and deny the Motion to Appoint Counsel.

**LAW REGARDING PROPOSED FINDINGS AND RECOMMENDATIONS**

District courts may refer dispositive motions to a magistrate judge for a recommended disposition.  See Fed. R. Civ. P. 72(b)(1) ("A magistrate judge must promptly conduct the required proceedings when assigned, without the parties' consent, to hear a pretrial matter dispositive of a claim or defense . . . .").  Rule 72(b)(2) governs objections: "Within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations."  Finally, when resolving objections to a magistrate judge's proposal, "the district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to.  The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions."  Fed. R. Civ. P. 72(b)(3).  Similarly, 28 U.S.C. § 636 provides:

> A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.  A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.  The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

28 U.S.C. § 636(b)(1).

"'The filing of objections to a magistrate's report enables the district judge to focus attention on those issues -- factual and legal -- that are at the heart of the parties' dispute.'"

United States v. One Parcel of Real Prop., With Bldgs., Appurtenances, Improvements, and Contents, 73 F.3d 1057, 1059 (10th Cir. 1996)("One Parcel")(quoting Thomas v. Arn, 474 U.S. 140, 147 (1985)).  As the United States Court of Appeals for the Tenth Circuit has noted, "the filing of objections advances the interests that underlie the Magistrate's Act, including judicial efficiency."  One Parcel, 73 F.3d at 1059 (citing Niehaus v. Kan. Bar Ass'n, 793 F.2d 1159, 1165 (10th Cir. 1986); United States v. Walters, 638 F.2d 947, 950 (6th Cir. 1981)).

The Tenth Circuit held "that a party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review."  One Parcel, 73 F.3d at 1060.  "To further advance the policies behind the Magistrate's Act, [the Tenth Circuit], like numerous other circuits, have adopted 'a firm waiver rule' that 'provides that the failure to make timely objections to the magistrate's findings or recommendations waives appellate review of both factual and legal questions.'"  One Parcel, 73 F.3d at 1059 (citations omitted).  In addition to requiring specificity in objections, the Tenth Circuit has stated that "[i]ssues raised for the first time in objections to the magistrate judge's recommendation are deemed waived."  Marshall v. Chater, 75 F.3d 1421, 1426 (10th Cir. 1996).  See United States v. Garfinkle, 261 F.3d 1030, 1031 (10th Cir. 2001)("In this circuit, theories raised for the first time in objections to the magistrate judge's report are deemed waived.").  In an unpublished opinion, the Tenth Circuit stated that "the district court correctly held that [a petitioner] had waived [an] argument by failing to raise it before the magistrate."  Pevehouse v. Scibana, 229 F. App'x 795, 796 (10th Cir. 2007)(unpublished).[1]

---

[1]   Pevehouse v. Scibana is an unpublished opinion, but the Court can rely on an unpublished opinion to the extent its reasoned analysis is persuasive in the case before it.  See 10th Cir. R. 32.1(A) ("Unpublished opinions are not precedential, but may be cited for their persuasive value.").  The Tenth Circuit has stated: "In this circuit, unpublished orders are not binding precedent, . . . and we have generally determined that citation to unpublished opinions is

In One Parcel, the Tenth Circuit, in accord with other courts of appeals, expanded the

waiver rule to cover objections that are timely but too general.  See One Parcel, 73 F.3d at 1060.

The Supreme Court of the United States -- in the course of approving the United States Court of

Appeals for the Sixth Circuit's use of the waiver rule -- noted:

> It does not appear that Congress intended to require district court review of a
> magistrate's factual or legal conclusions, under a de novo or any other standard,
> when neither party objects to those findings.  The House and Senate Reports
> accompanying the 1976 amendments do not expressly consider what sort of
> review the district court should perform when no party objects to the magistrate's
> report.  See S. Rep. No. 94-625, pp. 9-10 (1976) (hereafter Senate Report); H. R.
> Rep. No. 94-1609, p. 11 (1976), U.S. Code Cong. & Admin. News 1976, p. 6162
> (hereafter House Report).  There is nothing in those Reports, however, that
> demonstrates an intent to require the district court to give any more consideration
> to the magistrate's report than the court considers appropriate.  Moreover, the
> Subcommittee that drafted and held hearings on the 1976 amendments had before
> it the guidelines of the Administrative Office of the United States Courts
> concerning the efficient use of magistrates.  Those guidelines recommended to the
> district courts that "[w]here a magistrate makes a finding or ruling on a motion or
> an issue, his determination should become that of the district court, unless specific
> objection is filed within a reasonable time."  See Jurisdiction of United States
> Magistrates, Hearings on S. 1283 before the Subcommittee on Improvements in
> Judicial Machinery of the Senate Committee on the Judiciary, 94th Cong., 1st
> Sess., 24 (1975)(emphasis added)(hereafter Senate Hearings).  The Committee
> also heard Judge Metzner of the Southern District of New York, the chairman of a
> Judicial Conference Committee on the administration of the magistrate system,
> testify that he personally followed that practice.  See id., at 11 ("If any objections
> come in, . . . I review [the record] and decide it.  If no objections come in, I
> merely sign the magistrate's order.").  The Judicial Conference of the United
> States, which supported the de novo standard of review eventually incorporated in
> § 636(b)(1)(C), opined that in most instances no party would object to the
> magistrate's recommendation, and the litigation would terminate with the judge's
> adoption of the magistrate's report.  See Senate Hearings, at 35, 37.  Congress
> apparently assumed, therefore, that any party who was dissatisfied for any reason
> with the magistrate's report would file objections, and those objections would
> trigger district court review.  There is no indication that Congress, in enacting

not favored.  However, if an unpublished opinion or order and judgment has persuasive value
with respect to a material issue in a case and would assist the court in its disposition, we allow a
citation to that decision."   United States v. Austin, 426 F.3d 1266, 1274 (10th Cir.
2005)(citations omitted).  The Court finds that Pevehouse v. Scibana has persuasive value with
respect to a material issue, and will assist the Court in its disposition of this Memorandum
Opinion and Order.

§ 636(b)(1)(C), intended to require a district judge to review a magistrate's report to which no objections are filed.  It did not preclude treating the failure to object as a procedural default, waiving the right to further consideration of any sort.  We thus find nothing in the statute or the legislative history that convinces us that Congress intended to forbid a rule such as the one adopted by the Sixth Circuit.

Thomas v. Arn, 474 U.S. at 150-52 (emphasis in original)(footnotes omitted).

The Tenth Circuit also noted, "however, that '[t]he waiver rule as a procedural bar need not be applied when the interests of justice so dictate.'"  One Parcel, 73 F.3d at 1060 (quoting Moore v. United States, 950 F.2d 656, 659 (10th Cir. 1991)("We join those circuits that have declined to apply the waiver rule to a pro se litigant's failure to object when the magistrate's order does not apprise the pro se litigant of the consequences of a failure to object to findings and recommendations." (citations omitted)).  Cf. Thomas v. Arn, 474 U.S. at 154 (noting that, while "[a]ny party that desires plenary consideration by the Article III judge of any issue need only ask," a failure to object "does not preclude further review by the district judge, sua sponte or at the request of a party, under a de novo or any other standard").  In One Parcel, the Tenth Circuit noted that the district judge had decided sua sponte to conduct a de novo review despite the lack of specificity in the objections, but the Tenth Circuit held that it would deem the issues waived on appeal because it would advance the interests underlying the waiver rule.  See 73 F.3d at 1060-61 (citing cases from other circuits where district courts elected to address merits despite potential application of waiver rule, but circuit courts opted to enforce waiver rule).

Where a party files timely and specific objections to the magistrate judge's proposed findings and recommendation, on "dispositive motions, the statute calls for a *de novo* determination, not a *de novo* hearing."  United States v. Raddatz, 447 U.S. 667, 674 (1980).  "[I]n providing for a '*de novo* determination' rather than *de novo* hearing, Congress intended to

permit whatever reliance a district judge, in the exercise of sound judicial discretion, chose to place on a magistrate's proposed findings and recommendations." United States v. Raddatz, 447 U.S. at 676 (quoting 28 U.S.C. § 636(b) and citing Mathews v. Weber, 423 U.S. 261, 275 (1976)).  The Tenth Circuit requires a "district court to consider relevant evidence of record and not merely review the magistrate judge's recommendation" when conducting a de novo review of a party's timely, specific objections to the magistrate's report.  In re Griego, 64 F.3d 580, 583-84 (10th Cir. 1995).  "When objections are made to the magistrate's factual findings based on conflicting testimony or evidence . . . the district court must, at a minimum, listen to a tape recording or read a transcript of the evidentiary hearing."  Gee v. Estes, 829 F.2d 1005, 1008-09 (10th Cir. 1987).

A district court must "clearly indicate that it is conducting a de novo determination" when a party objects to the magistrate's report "based upon conflicting evidence or testimony." Gee v. Estes, 829 F.2d at 1009.  On the other hand, a district court fails to meet the requirements of 28 U.S.C. § 636(b)(1) when it indicates that it gave "considerable deference to the magistrate's order."  Ocelot Oil Corp. v. Sparro Indus., 847 F.2d 1458, 1464 (10th Cir. 1988).  A district court need not, however, "make any specific findings; the district court must merely conduct a *de novo* review of the record."  Garcia v. City of Albuquerque, 232 F.3d 760, 766 (10th Cir. 2000).  "[T]he district court is presumed to know that de novo review is required. Consequently, a brief order expressly stating the court conducted de novo review is sufficient." Northington v. Marin, 102 F.3d 1564, 1570 (10th Cir. 1996)(citing In re Griego, 64 F.3d at 583-84).  "[E]xpress references to de novo review in its order must be taken to mean it properly considered the pertinent portions of the record, absent some clear indication otherwise."

Bratcher v. Bray-Doyle Indep. Sch. Dist. No. 42, 8 F.3d 722, 724 (10th Cir. 1993).  The Tenth

Circuit has previously held that a district court properly conducted a de novo review of a party's

evidentiary objections when the district court's "terse" order contained one sentence for each of

the party's "substantive claims" and did "not mention his procedural challenges to the

jurisdiction of the magistrate to hear the motion."  Garcia v. City of Albuquerque, 232 F.3d at

766.  The Tenth Circuit has explained that brief district court orders that "merely repeat[] the

language of § 636(b)(1) to indicate its compliance" are sufficient to demonstrate that the district

court conducted a de novo review:

> It is common practice among district judges in this circuit to make such a
> statement and adopt the magistrate judges' recommended dispositions when they
> find that magistrate judges have dealt with the issues fully and accurately and that
> they could add little of value to that analysis.  We cannot interpret the district
> court's statement as establishing that it failed to perform the required de novo
> review.

In re Griego, 64 F.3d at 584.

Notably, because "Congress intended to permit whatever reliance a district judge, in the

exercise of sound judicial discretion, chose to place on a magistrate's proposed findings and

recommendations," United States v. Raddatz, 447 U.S. at 676 (emphasis omitted), a district court

"may accept, reject, or modify, in whole or in part, the findings or recommendations made by the

magistrate," 28 U.S.C. § 636(b)(1).  See Bratcher v. Bray-Doyle Indep. Sch. Dist. No. 42, 8 F.3d

at 724-25 (holding that the district court's adoption of the magistrate judge's "particular

reasonable-hour estimates" is consistent with the de novo determination that 28 U.S.C. §

636(b)(1) and  United States v. Raddatz require).

Where no party objects to the magistrate judge's proposed findings and recommended

disposition, the Court has, as a matter of course and in the interests of justice, reviewed the

magistrate judge's recommendations.  In Pablo v. Soc. Sec. Admin., No. CIV 11-0132 JB/ACT, 2013 WL 1010401 (D.N.M. February 27, 2013)(Browning, J.), the Plaintiff failed to respond to the magistrate judge's proposed findings and recommended disposition, and thus waived his right to appeal the recommendations, but the Court nevertheless conducted a review.  2013 WL 1010401, at *1, *4.  The Court generally does not, however, "review the PF&RD de novo, because the parties have not objected thereto, but rather review[s] the recommendations to determine whether they are clearly erroneous, arbitrary, obviously contrary to law, or an abuse of discretion."  Pablo v. Soc. Sec. Admin., 2013 WL 1010401, at *4.  The Court, thus, does not determine independently what it would do if the issues had come before the Court first, when there is no objection, but rather adopts the proposed findings and recommended disposition where "'the Court cannot say that the Magistrate Judge's recommendation . . . is clearly erroneous, arbitrary, obviously contrary to law, or an abuse of discretion.'"  Pablo v. Soc. Sec. Admin., 2013 WL 1010401, at *3 (footnote and internal brackets omitted)(quoting Workheiser v. City of Clovis, No. CIV 12-0485 JB/GBW, 2012 WL 6846401, at *3 (D.N.M. December 28, 2012)(Browning, J.).  See Alexandre v. Astrue, No. CIV 11-0384 JB/SMV, 2013 WL 1010439, at *4 (D.N.M. February 27, 2013)(Browning, J.)("The Court rather reviewed the findings and recommendations . . . to determine if they are clearly erroneous, arbitrary, obviously contrary to law, or an abuse of discretion.  The Court determines that they are not, and will therefore adopt the PFRD."); Trujillo v. Soc. Sec. Admin., No. CIV 12-1125 JB/KBM, 2013 WL 1009050, at *5 (D.N.M. February 28, 2013)(Browning, J.)(adopting the proposed findings and conclusions, and noting: "The Court did not review the ARD de novo, because Trujillo has not objected to it, but rather reviewed the . . . findings and recommendation to determine if they are clearly erroneous,

-8-

arbitrary, obviously contrary to law, or an abuse of discretion, which they are not."). This review, which is deferential to the magistrate judge's work when there is no objection, nonetheless provides some review in the interest of justice, and seems more consistent with the waiver rule's intent than no review at all or a full-fledged review. Accordingly, the Court considers this standard of review appropriate. See Thomas v. Arn, 474 U.S. at 151 ("There is nothing in those Reports, however, that demonstrates an intent to require the district court to give any more consideration to the magistrate's report than the court considers appropriate."). The Court is reluctant to have no review at all if its name is going at the bottom of the order adopting the magistrate judge's proposed findings and recommendations.

## ANALYSIS

The Court has carefully reviewed the R&R, and Barquist's Amended Complaint. The Court did not review Judge Scott's R&R de novo, because Barquist has not objected to it. The Court has, nonetheless, reviewed the R&R to determine if it is clearly erroneous, arbitrary, obviously contrary to law, or an abuse of discretion. In the main, it is not, and the Court will largely adopt it. The Court will, however, modify the R&R's treatment of sovereign immunity, because the Court believes that the R&R's sovereign immunity analysis is too imprecise for the Court to adopt in full.

The R&R includes the following statements:

[S]ince all named Defendants are state employees, the Court can fairly assume that all allegations are against state actors, and this is reason alone to dismiss the Complaint under 42 U.S.C. § 1915(e)(2)(B)(iii), even if Plaintiff had clearly stated constitutional claims.

Plaintiff cannot sue the State of New Mexico, its agencies, or its employees acting in their official capacities in federal court for monetary relief under § 1983 because those entities and individuals are sovereignly immune under the Eleventh Amendment and are not "persons" under § 1983.

-9-

R&R at 4.   The Court concludes that it must conduct a more nuanced sovereign immunity analysis to fully explain its disposition of the Amended Complaint.

According to the caption, Barquist, a citizen of New Mexico, sued the State of New Mexico.  See Amended Complaint at 1.  It does not appear, however, that he asserted a claim against the State in the body of the Amended Complaint.  Because the Eleventh Amendment, as interpreted by the Supreme Court of the United States in Hans v. Louisiana, 134 U.S. 1 (1890), bars any such claim, the Court adopts the R&R's disposition of this issue.

The claims against the individual Defendants require more subtle analysis.   In the Amended Complaint's body, Barquist identifies certain individual Defendants, all of whom are State employees.   See Amended Complaint at 1-2 (including, by reference, an additional unnumbered page).  The Amended Complaint requests $2,000,000.00 in relief.  See Amended Complaint at 5.   The Amended Complaint does not specify whether Barquist is suing the Defendants in their individual capacities, their official capacities, or both.  The Court must, therefore, "review[] 'the course of the proceedings' . . . to determine the basis upon which this action was initiated and litigated."  Houston v. Reich, 932 F.2d 883 (1991)(quoting Kentucky v. Graham, 473 U.S. 159 (1985)).  As Judge Scott noted, the Amended Complaint identifies the Defendants by reference to their positions as State employees.  See R&R at 4.  Judge Scott appears to infer from this description that Barquist must have sued the Defendants in their official capacities, and that sovereign immunity, therefore, bars Barquist's claim for money damages against them.  See R&R at 4.  The Court does not agree that this inference is the only one that can be reasonably made.  The form civil rights complaint Barquist completed required him to identify any named Defendants' employment positions and titles, if possible.  See Civil

Rights Complaint Pursuant to 42 U.S.C. § 1983 (form XE-2 2/78).  Particularly in light of the solicitude with which the Court must read *pro se* pleadings, the Court will not infer that, simply by completing the form, Barquist necessarily intended to sue the State Defendants only for compensatory damages in their official capacities, thereby requesting relief the law forecloses.

Although the Court has altered the R&R's treatment of sovereign immunity, the Court adopts the R&R's conclusion that any individual claims that Barquist intends to assert fail for another reason: the Amended Complaint fails to state a claim on which relief may be granted.  See 28 U.S.C. § 1915(e)(2)(B)(ii).  Under "Count 1," Barquist lists claims for "Discrimination, Kid[n]apping, [W]rongful[] Arrest and Imprisonment" purportedly arising from the arrest of his son.  Amended Complaint at 3.  As Judge Scott recognized, because an attorney does not represent Barquist, Barquist cannot seek damages for his son's claims in his own name.  See R&R at 4 (quoting Meeker v. Kercher, 782 F.2d 153, 154 (10th Cir. 1986)(per curiam)("We hold that under Fed. R. Civ. P. 17(c) and 28 U.S.C. § 1654, a minor child cannot bring suit through a parent acting as next friend if the parent is not represented by an attorney.").  Regarding Barquist's claims under "Count 2" and "Count 3," and the issues that he raises in his letters to the Court, the R&R explains that the underlying factual allegations fail to satisfy the standards set out in Bell Atl. Co. v. Twombly, 550 U.S. 544 (2007), and its progeny.  See R&R at 2-3.  The Court concludes that it cannot reasonably say that Judge Scott's report on this issue is clearly erroneous, arbitrary, obviously contrary to law, or an abuse of discretion.  The Court, therefore, adopts Judge Scott's conclusion that, to the extent Barquist has asserted claims against State employees in their individual capacities, he has failed to state a claim on which the Court may grant relief.

The Court will, therefore, dismiss Barquist's claims.  The Court will dismiss without prejudice any claims against the State of New Mexico and any claims against its employees in their official capacities.  Regarding the remaining claims, Judge Scott previously identified problems with the Barquist's first Civil Rights Complaint Pursuant to 42 U.S.C. § 1983, filed June 8, 2011 (Doc. 1), and gave Barquist the opportunity to amend his Complaint to address those problems.  See Order Granting IFP and Requiring the Filing of an Amended Complaint, filed June 20, 2011 (Doc. 5).  Barquist did not do so adequately, and the Amended Complaint suffers from many of the specific defects Judge Scott identified.  The Court will, therefore, dismiss with prejudice any claims against the State of New Mexico's employees in their individual capacities.

**IT IS ORDERED** that: (i) the Magistrate Judge's Report and Recommendation, filed May 1, 2013 (Doc. 12), is adopted by the Court, except to the extent that the Court has modified it in this Memorandum Opinion; (ii) the Plaintiff's Motion to Appoint Counsel, filed February 2, 2013 (Doc. 9), is denied; (iii) the Plaintiff's claims in this matter against the State of New Mexico and against its employees Michelle Barggas, Kelly Dobbs, Anita Martinez, and Patricia Trujillo in their official capacities are dismissed without prejudice; and (iv) the Plaintiff's claims in this matter against the State of New Mexico's employees Michelle Barggas, Kelly Dobbs, Anita Martinez, and Patricia Trujillo in their individual capacities are dismissed with prejudice.

_____
UNITED STATES DISTRICT JUDGE

-12-

*Parties:*

Ronnie Roy Barquist
Clayton, New Mexico

     *Plaintiff pro se*